# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARILYN HARTWELL,

    Plaintiff,

vs.                                                                    Civ. No. 2:15-CV-1103 JAP/GJF

SOUTHWEST CHEESE COMPANY, LLC,

    Defendant.

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, by agreement of the parties and for good cause, it is hereby ORDERED:

1. <u>"Confidential" Documents</u>. "Confidential" documents are documents or information so designated by the producing party. A party disclosing or producing the information, documents or things, that it believes to be "Confidential" may designate the same as "Confidential" or by using some similar designation, or by designating in writing (by correspondence or otherwise) that some or all documents produced are "Confidential." A party shall make the designation of "Confidential" only as to material which that party reasonably and in good faith believes is confidential and entitled to protection under the Federal Rules of Civil Procedure and/or any other applicable law. Any such designation shall be made (1) at the time answers to interrogatories or answers to requests for production are served or (2) at the time that tangible things or copies of the documents are furnished to a party conducting such discovery.

If upon review any party believes that any documents, information, or tangible items designated by a designating party are not "Confidential" as defined hereinabove, then the party may challenge such designation under the procedures set forth in paragraph 11 below.

2. <u>Scope of "Confidential" Designation.</u>  The special treatment accorded the documents designated "Confidential" under this Order shall reach:

(a) All documents designated "Confidential" under the terms of this Order;

(b) All copies of such documents;

(c) Any deposition transcript or exhibit, or portion thereof, that discusses such documents; and

(d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper that discusses such documents.

3. <u>Restrictions on Disclosure of "Confidential" Documents.</u>  Except with written prior consent of all parties and except as provided elsewhere in this Order, all documents produced in this suit that are designated "Confidential" shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration, or judicial proceedings or actions.  Documents designated "Confidential," and all information in them, may not be disclosed to any person other than:

(a) The parties to this litigation, members of the jury during the trial of this case, or Court personnel;

(b) Counsel for parties in this suit;

(c) Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

(d) Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witnesses to testify concerning the suit;

(e) Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this suit.

4. <u>Certification of Compliance.</u>  Except for the persons identified in subparagraphs 3(a)-(c) of this Order, no person authorized under the terms of this Decree to receive access to "Confidential" documents shall be granted access to them until such person has read this Order

and agreed in writing to be bound by it pursuant to the form attached to the Order as Appendix 1. These written agreements shall be maintained by counsel for the parties and made available to any party upon request.

5. <u>Use of "Confidential" Documents at Depositions.</u>  Any "Confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits.  When a party uses or refers to "Confidential" documents at a deposition, and at the request of the party asserting confidentiality, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of the Order.

6. <u>Designating Portions of the Deposition Transcripts Confidential.</u>  Any party may within fourteen (14) days after receiving a deposition transcript designate portions of the transcript, or exhibits to it, as being "Confidential."  Confidential deposition testimony or exhibits may be designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential."  Until expiration of the 14-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order.  If no party timely designates testimony or exhibits from deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential.  No party may designate an entire deposition transcript as "Confidential" without Court order.  If a timely "Confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions of this Order subject to the right of any party to challenge such designation under paragraph 11.

7. <u>Use of "Confidential" Documents in Papers Filed with the Court.</u>  If any party wishes to include documents designated "Confidential" in a motion or other paper filed with the Court, such documents shall be filed under seal.

8. <u>Non-Termination and Return of Documents.</u>  The provisions of this Order shall continue to apply to all "Confidential" documents and information after this suit has been terminated.  Upon termination of this suit, if requested by the producing party, all "Confidential" documents and information shall be returned or destroyed, at the requesting party's option, except that counsel may retain a copy of all filings in the case even if they include or disclose "Confidential" documents and information.

9. <u>No Admissions.</u>  Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that a particular document or information is, or is not, confidential; is, or is not, admissible into evidence for any purpose; and is, or is not, subject to inclusion in any "administrative record" filed in this cause.

10. <u>Interim Protection.</u>  "Confidential" documents produced by any party in response to discovery requests served after the filing of the complaint in this suit and prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had been entered by the Court, unless the Court directs otherwise.

11. <u>Procedures for Challenging "Confidential" Designation.</u>  If upon review any party believes that any documents, information, or tangible items designated by a designating party are not "Confidential," then the party may challenge the designation by filing, within thirty (30) days of receipt of the document, information, or tangible item, an objection challenging the "Confidential" designation.  The written objection must specifically identify the challenged document(s), information or tangible item(s) by bates numbered page where available.  The

objecting party shall file the objection under seal.  The producing party shall have fourteen (14) days to file its response to the objection.  The producing party bears the burden of proving that the challenged documents contain information appropriately subject to a Protective Order under the Federal Rules of Civil Procedure or other applicable law.  Documents designated as "Confidential" shall remain Confidential pending the Court's ruling on any objections filed under this section of the order.  Prior to submitting to this Court disputes regarding confidentiality of documents, the parties shall confer in an effort to resolve the dispute without court intervention.

12. The inadvertent or unintentional disclosure by any party of Confidential documents, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.  A party may notify the other party that documents that should have been designated as "Confidential" were inadvertently served without being so designated.  Upon receiving such notice from the designating party, all such documents shall be treated as "Confidential" pursuant to the terms set forth in this Confidentiality Agreement and Stipulated Protective Order.  The party receiving such documents shall provide the designating party with a list of all persons who have seen, had access to, or learned the contents of, such documents, except for the persons designated in paragraphs 3(b), 3(c) and 3(d), and 3(e) of this Confidentiality Agreement and Stipulated Protective Order.

13. The inadvertent or unintentional disclosure by any party of information or documents protected by attorney-client, or similar privilege, shall also not be deemed a waiver in whole or in part of the parties' right to assert any such privilege, either as to the specific

information disclosed or as to any other information relating thereto on the same or related subject matter. Upon discovery that a party has inadvertently or unintentionally disclosed or produced documents or information covered by the attorney-client or similar privilege, the disclosing party shall notify the other party of such disclosure. If the receiving party discovers that the disclosing party may have disclosed information or a document protected by the attorney-client privilege or similar privilege, the receiving party will promptly notify the disclosing party. The receiving party shall return such documents or information to the disclosing party and shall permanently delete or erase any such documents or information in the party's possession. If the receiving party, or party who receives notice of such inadvertent or unintentional disclosure covered by this paragraph, believes that the information or documents in question are not privileged, such party may file a motion with the Court to determine the application of such privilege. At no point prior to any determination by the Court, however, may such party share any such documentation or otherwise utilize such documentation in the case, in any manner.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**APPENDIX 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARILYN HARTWELL,

    Plaintiff,

vs.                                                      Civ. No. 2:15-CV-1103 JAP/GJF

SOUTHWEST CHEESE COMPANY, LLC,

    Defendant.

**ACKNOWLEDGEMENT OF PROTECTIVE**
**ORDER AND AGREEMENT TO BE BOUND**

    In consideration of the disclosure to me of certain information which is subject to a Protective Order of this Court I state as follows:

1. That I reside at _____ in the city and county of _____ and the state of _____;

2. That I have read and understand the Protective Order dated _____, entered in the above styled civil action (the "Action");

3. That I agree to comply with and be bound by the provisions of the Protective Order;

4. That I will not divulge to persons other than those specifically authorized by paragraph 3 of the Protective Order, and will not copy or use, except solely for the purposes of this Action, any confidential document or information as defined by the Protective Order, except as provided herein.

5. That I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before this Court, including an application to have me held in contempt; and

6. That I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings seeking enforcement of the Protective Order.

                                        Signature:_____

                                        Date:_____